# IN THE COURT OF APPEALS OF IOWA

No. 13-1432
Filed October 15, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MELISSA J. RICKE,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

     A defendant appeals her convictions for prohibited acts and possession of hydrocodone without a valid prescription.  **AFFIRMED.**

     Joseph R. Lapointe, Mason City, for appellant.

     Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

     Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Melissa Ricke appeals from the jury verdicts finding her guilty beyond a reasonable doubt of obtaining hydrocodone with a forged prescription and unauthorized possession of hydrocodone. She contends the State failed to prove she knew the doctor's signature on the prescription for pain killers was forged. Because the State offered credible evidence creating a jury question on the knowledge element, we affirm her convictions.

At trial, the State offered proof of the following facts which support the guilty verdicts. Mason City police officers started investigating suspicious prescriptions presented at local pharmacies by nurse Gina Splitt. Their investigation eventually turned to Ricke, who was Splitt's co-worker and best friend. Police Officer Jeremy Ryal discovered Ricke had filled a prescription for Norco, a mixture of acetaminophen and hydrocodone, at the Mason City Walgreens on September 17, 2012.

The prescription was ostensibly signed by Dr. Gholam "Gino" Zadeii, a cardiologist at the Mason City Clinic. Ricke told Officer Ryal she "happened to bump into Dr. Zadeii" at the hospital and had a conversation with him about pain medication for a shoulder injury she had suffered. Ricke told the officer her own medical provider had cut back on her prescription without telling her about it. According to Ricke, she later made arrangements with Dr. Zadeii over the phone for nurse Splitt to pick up the Norco prescription for Ricke.

Dr. Zadeii testified he never met Ricke before the investigation, she was not his patient, and he never examined her shoulder or discussed her injury. He

also denied prescribing Ricke any medication and testified the signature on the Norco prescription at issue was not his. In fact, he did not prescribe narcotics at all in his cardiology practice, according to his testimony. Dr. Zadeii testified he did know nurse Splitt from the hospital, but never prescribed drugs for her.

The defense presented testimony from Splitt, who admitted lying to police when they were investigating her and admitted having been "really foggy" during the investigation because she was in the "throes of addiction" to pain killers. Splitt told the jury that she had seen Dr. Zadeii conversing with Ricke "outside the cath lab" and she recalled picking up prescriptions for Ricke. On cross-examination, Splitt acknowledged having several felony convictions for crimes of dishonesty.

The State started the trial alleging eight counts against Ricke: three counts of prohibited acts for fraudulently obtaining prescriptions, three counts of possession of controlled substances without valid prescriptions, and two counts of insurance fraud. The district court entered judgment of acquittal on the insurance fraud counts and the jury acquitted Ricke on four of the remaining six counts. The jury returned guilty verdicts on two charges involving Ricke's conduct on September 17, 2012: the prohibited act of obtaining hydrocodone with a forged prescription, a class "C" felony, in violation of Iowa Code section 155A.23 (2013), and possession of hydrocodone without a valid prescription, a serious misdemeanor, in violation of Iowa Code section 124.401(5). The court entered judgment on those counts and sentenced Ricke to a suspended prison

term, not to exceed ten years, and placed her on probation for three years on the felony count, as well as imposing a two-day jail term on the misdemeanor count.

On appeal, Ricke argues the State failed to offer sufficient proof she knew the prescription she used to obtain the hydrocodone was forged. We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). We consider all evidence in the record, both favorable and unfavorable to the verdicts, as well as all reasonable inferences that may be fairly drawn from the evidence. *See State v. Showens*, 847 N.W.2d 438, 439–40 (Iowa 2014). We uphold the jury's verdicts if they are supported substantial evidence in the record. *See id.* at 440. "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

On the prohibited acts count, the jury found the State's evidence satisfied the following elements:

> 1.  On or about the 17th day of September, 2012, the defendant obtained or attempted to obtain a prescription drug or procured or attempted to procure administration of the prescription drug hydrocodone.
> 2.  The defendant did so by one or more of the following methods:
>      a. Fraud, and/or
>      b. Deceit, and/or
>      c. Misrepresentation, and/or
>      d. Subterfuge, or
> 3. The defendant made or uttered a false or forged prescription.

On the possession count, the jury found the evidence satisfied the following elements:

1. On or about the 17th day of September, 2012, the defendant knowingly or intentionally possessed Hydrocodone, a Schedule II Controlled Substance and a Prescription Drug.
2. The defendant knew that the substance she possessed was Hydrocodone, a Schedule II Controlled Substance and a Prescription Drug.

The court also instructed the jury: "For the defendant to have knowledge of something means she had a conscious awareness that the prescription contained false information concerning a material fact."

It is the knowledge element Ricke contests on appeal. She argues presenting a forged prescription to a pharmacy to be filled "does not amount to sufficient proof of guilty knowledge." Ricke contends the State did not offer sufficient evidence to rebut the testimony of her friend, Gina Splitt, who claimed Dr. Zadeii did speak to Ricke about her shoulder pain. Splitt, who acknowledged her credibility problems on the witness stand, also claimed she picked up valid prescriptions at the lab and delivered them to Ricke.

Dr. Zadeii denied, under oath, having such a conversation with Ricke. The cardiologist also testified he did not prescribe her narcotics. Dr. Zadeii's testimony created a strong inference Ricke lied to police and her friend Splitt gave unreliable testimony. The district court rightly allowed the jury to settle the credibility contest. "A jury is free to believe or disbelieve any testimony as it chooses and to give as much weight to the evidence as, in its judgment, such evidence should receive." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006). On this record, a reasonable juror could have found Ricke's version of events incredible and concluded she knew Dr. Zadeii's signature was forged when she presented the prescription to the pharmacy. *See State v. Taggart*, 525 N.W.2d

877, 880 (Iowa Ct. App. 1994) (deciding defendant had requisite knowledge based on her unbelievable explanations for incriminating evidence). Accordingly, we find the State presented substantial evidence to support the conviction for prohibited acts.

As for the possession conviction under section 124.401(5), we conclude the same evidence created a jury question pitting the credibility of Dr. Zadeii against that of Ricke and Splitt. Faced with those conflicting versions, a reasonable juror could have believed the cardiologist and concluded Ricke knowingly possessed hydrocodone without a valid prescription and knew the substance was hydrocodone.

Viewing the evidence in the light most favorable to the jury's verdicts, we affirm both convictions.

**AFFIRMED.**